IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, | C/A No. 6:25-cv-13050-RMG-KFM |
| Plaintiff, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Terry Standley, Captain B. Bibbs, Lt. J. Durant, DHO D. Williams, K. Borem, | |
| Defendants. | |

This matter is before the court on the plaintiff's motion for a preliminary injunction and a temporary restraining order ("TRO") (doc. 13). The plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), is located at McCormick Correctional Institution ("McCormick"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on October 20, 2025 (doc. 1). By order filed November 17, 2025, the undersigned instructed the plaintiff to submit certain documents to bring the case into proper form (doc. 7). With the proper form documents, the plaintiff filed a motion for a preliminary injunction and for a TRO (doc. 13). As addressed below, the undersigned recommends the motion be denied.

In his motion, the plaintiff asserts that in retaliation for filing the instant matter the defendants have taken away his tablet and have not allowed him to go to the law library (doc. 13 at 1). He further contends that the defendants are "messing" with his mail and taking his legal documents from his cell (*id*. at 1–2). For relief, the plaintiff seeks to be transferred to another SCDC institution during the remainder of his lawsuit (*id*. at 2).

A plaintiff seeking a preliminary injunction or a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

The plaintiff's request for a preliminary injunction or a TRO fails because the claims in his motion are unrelated to the allegations of his complaint (which involve an incident between the plaintiff and the defendants in July (*see* doc. 1)). *See Rice v. Dotson*, C/A No. 7:25-cv-00234, 2025 WL 2969101, at *2 (W.D. Va. Oct. 20, 2025) (noting that "a motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims"); *see also Omega World Travel Inc. v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"). Further, the relief requested in the plaintiff's motion, transfer to another SCDC institution, seeks relief this court cannot grant because "federal courts do not sit to supervise state prisons." *See Meachum v. Fano*, 427 U.S. 215,

228–29 (1976) (noting that the decision to transfer inmates is reserved to the discretion of the state prisons).

Indeed, the plaintiff has not alleged a constitutional violation with respect to his access to the law library as he is not entitled to access a law library – only access to the courts. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that claims for denial of access to the courts must be pled with specificity and include an actual injury). In any event, the plaintiff has not alleged an actual injury (by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court) based on the denial of access to a law library – and has submitted his proper form documents in this case (and others filed in this court) without missing deadlines. *See Lewis v. Casey*, 518 U.S. 343, 352–53 (1996). Further, to the extent the plaintiff contends that the defendants have taken his property, there is no constitutional violation so long as there are adequate state law post-deprivation remedies (and there are in South Carolina). *See Daniels v. Williams*, 474 U.S. 327 (1986) (noting that deprivations of a detainee's personal property do not rise to the level of a constitutional violation so long as there are adequate state law post-deprivation remedies); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008) (same); *see also* S.C. Code § 15-78-10, *et seq*. (setting forth the remedial procedures in South Carolina). Similarly, the plaintiff's vague allegation that the defendants are "messing" with his mail – without specific allegations against named defendants – does not state a claim. *Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). As such, the undersigned recommends denying the plaintiff's motion.

## **RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for a preliminary injunction and a TRO (doc. 13) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

December 30, 2025
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).