IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner,<br><br>             Plaintiff,<br>   v.<br><br>Terry Standley, Captain B. Bibbs, Lt. J. Durant, DHO D. Williams, K. Borem,<br><br>             Defendants. | Case No. 6:25-cv-13050-RMG<br><br>**ORDER & OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied. (Dkt. No. 16). Plaintiff is acting pro se and did not file objections to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motion for a preliminary injunction and temporary restraining order. (Dkt. No. 13).

I.   **Legal Standard**

   A.   **Report & Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion for Preliminary Injunction

"The standard for granting a temporary restraining order or a preliminary injunction is the same." *Cricket Store 17, LLC v. City of Columbia*, 996 F. Supp. 2d 422, 427 (D.S.C. 2014). Importantly, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, Fla., 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). It follows that district courts should not grant temporary restraining orders when the temporary restraining order "deals with a matter lying wholly outside of the issues in the suit." *Id*.

The reasoning for this rule is straightforward: "Ex parte temporary restraining orders... should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus, when a party moves for a temporary restraining order on an issue outside of the suit, the underlying purpose of the temporary restraining order is absent.

## II. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied because the wrongs that Plaintiff's requested injunctive relief would protect against fall outside the scope of the Amended Complaint, which states claims related to an incident between the Plaintiff and the Defendants. (Dkt. No. 1).

The Court finds that the Magistrate Judge correctly analyzed whether Plaintiff's motion for a preliminary injunction sufficiently established "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Bessellieu v. Hollis*, 2021 WL 1299565, at *3 n.4 (D.S.C. Feb. 22, 2021) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). As the Magistrate Judge noted, Plaintiff's grievances regarding his inability to access the law library does not have anything to do with the allegations in the Amended Complaint. This reason alone is enough to deny Plaintiff's motion.

The Magistrate Judge further correctly found that even if the motions fell within the proper scope of this suit, the motion for preliminary injunction should be denied because Plaintiff fails to meet the requirements of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 1, 7 (2008). In *Winter*, the Supreme Court explained that a plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. 555 U.S. 7, 20 (2008). The Court agrees with the Magistrate Judge's analysis that Plaintiff failed to establish that he is likely to succeed on the merits of his claim, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tip in his favor, or that an injunction is in the public interest. (Dkt. No. 16).

Plaintiff filed a "Memorandum of Law" bringing several cases to the Court's attention. (Dkt. No. 18). However, the memorandum, even "liberally construed," does not contain any specific objections to the substance of the Magistrate Judge's Report and Recommendation. *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018).

### III.   Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R as the order of the Court (Dkt. No. 16) and **DENIES** Plaintiff's motion for a preliminary injunction (Dkt. No. 13).

**AND IT IS SO ORDERED.**

                                                                     s/Richard M. Gergel
                                                                    Richard Mark Gergel
                                                                    United States District Judge

January 16, 2026
Charleston, South Carolina