IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont Cutner, | ) | C/A No. 6:25-cv-13050-RMG-KFM |
| | ) | |
| Plaintiff; | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Terry Standley, Captain Bryon Bibbs, | ) | |
| Lt. J. Durant, DHO D. Williams, Kevin | ) | |
| Borem, Georgia Egan, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

The plaintiff, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed this action seeking money damages from the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

## PROCEDURAL HISTORY

The plaintiff's complaint was entered on the docket on October 20, 2025 (doc. 1). On November 17, 2025, the undersigned issued an order informing the plaintiff that his case was not in proper form for service and instructing him to provide certain documents to bring his case into proper form (doc. 7). The order warned the plaintiff that failure to submit the necessary documents in the time provided in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1). The order also reminded the plaintiff to notify the clerk in writing of any change of

---

[1] This caption has been updated to reflect the current parties to this action, per the plaintiff's amended complaint (doc. 21). The plaintiff has updated K. Borem to Kevin Borem, added the party Georgia Egan, and updated Capt. B. Bibbs to Capt. Bryon Bibbs (*see id.*).

address and warned that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 2–3).  The plaintiff provided some of the proper form documents in response to the order; however, they were not completed correctly.  Accordingly, on December 30, 2025, the undersigned issued a second order informing the plaintiff that his case was not in proper form for service and instructing him to provide certain documents to bring his case into proper form (doc. 14).  The order warned the plaintiff for a second time that failure to submit the necessary documents in the time provided in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 2).  The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 3).

The plaintiff provided some of the proper form documents; however, they were again not completed correctly.  Accordingly, on February 2, 2026, the undersigned issued a third and final proper form order informing the plaintiff that his case was not in proper form for service and instructing him to provide certain documents to bring his case into proper form (doc. 24).  The order warned the plaintiff for a final time that failure to submit the necessary documents in the time provided in the order may result in dismissal of this action for failure to prosecute and failure to comply with an order of this court (*id*. at 1).  The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the Court may lead to dismissal of the case (*id*. at 2–3).  The plaintiff again submitted documents in response to the third and final proper form order, but failed to provide a properly completed proposed summons or Forms USM 285 for all of the defendants.  As such, this case is not in proper form at this time.

## APPLICABLE LAW & ANALYSIS

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied

that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

As noted above, the plaintiff filed the instant action seeking damages from the defendants. However, as set forth in more detail below, the instant action is subject to summary dismissal. It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite multiple opportunities, the plaintiff has failed to bring his case into proper form. For example, despite being provided instructions on how to complete a proposed summons and a Form USM 285 for the defendants to allow the United States Marshals Service to effectuate service on the defendant (if authorized), the plaintiff ignored those instructions and has not submitted properly completed service documents for the

4

defendants (including a properly completed summons and a Form USM 285 for each defendant). The plaintiff is a frequent filer in this court, with more than 5 cases filed since 2020 – and he is well aware of the requirements for completing proper service documents for the defendants. *See* Exhibit A (detailing the plaintiff's filing history). As such, the plaintiff failed to comply with the court's orders of November 17, 2025, December 30, 2025, and February 2, 2026 (docs. 7; 14; 24). The written orders warned the plaintiff of the consequences of failing to comply with the orders' instructions, including the dismissal of his case pursuant to Fed. R. Civ. P. 41(b) (docs. 7 at 1; 14 at 2; 24 at 1). Despite these warnings, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failures could result in dismissal, it appears that less drastic sanctions would not be appropriate. As such, the undersigned recommends that the instant action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the court.

## **RECOMMENDATION**

As noted above, the plaintiff has failed to comply with multiple court orders; therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order

dismissing the complaint is final and appealable").  **The attention of the parties is directed to the important notice on the last page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 23, 2026
Greenville, South Carolina

## **EXHIBIT A**

*Cutner v. Burzinski, et al.*, C/A No. 6:25-cv-06459-RMG (D.S.C.) (pending)

*Cutner v. Myers*, C/A No. 6:23-cv-05282-RMG, 2025 WL 1808788 (D.S.C. July 1, 2025) (dismissing civil action and granting summary judgment for failure to exhaust administrative remedies)

*Cutner v. Canning, et al.*, C/A No. 6:23-cv-02534-RMG, 2024 WL 3949414 (D.S.C. Aug. 27, 2024) (dismissing civil action and granting summary judgment for the defendants)

*Cutner v. Dasant, et al.*, C/A No. 6:24-cv-01584-RMG, 2024 WL 3219199 (D.S.C. June 27, 2024) (dismissing civil action for failure to state a claim)

*Cutner v. Johnson, et al.*, C/A No. 9:20-cv-04119-DCN, at doc. 36 (D.S.C. Sept. 2, 2022) (dismissing civil action based on a settlement between the parties)

*Cutner v. Assoc. Warden Stephon*, C/A No. 6:18-cv-02082-RMG, at doc. 36 (D.S.C. Jan.7, 2019) (dismissing civil action for failure to prosecute)

*Cutner v. S.C. Dep't of Corrs., et al.*, C/A No. 6:17-cv-01042-RMG, at doc. 39 (D.S.C. Sept. 13, 2017) (dismissing civil action for lack of jurisdiction)

*Cutner v. Thompson*, C/A No. 6:12-cv-02807-GRA, 2013 WL 4505448 (D.S.C. Aug. 22, 2013) (dismissing civil action and granting summary judgment for the defendants)

*Cutner v. Wright, et al.*, C/A No. 6:12-cv-02545-GRA, 2013 WL 01729516 (D.S.C. Apr. 22, 2013) (dismissing civil action and granting summary judgment for the defendants)

*Cutner v. Marshal, et al.*, C/A No. 6:12-cv-02544-GRA, at doc. 108 (D.S.C. Oct. 8, 2013) (dismissing civil action for failure to prosecute)

*Cutner v. Tutt*, C/A No. 6:12-cv-00760-GRA, 2012 WL 4847043 (D.S.C. Oct. 11, 2012) (dismissing civil action and granting summary judgment for the defendants)

*Cutner v. Warden of Perry Corr. Inst.*, C/A No. 0:08-cv-02884-GRA, 2009 WL 652949 (D.S.C. Mar. 11, 2009) (dismissing civil action for failure to prosecute)

*Cutner v. S.C. Dep't of Corrs.*, *et al.*, C/A No. 6:00-cv-01142-GRA, at doc. 20 (D.S.C. Dec. 26, 2000) (dismissing civil action and granting summary judgment for the defendants)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).