IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont Cutner, | ) | C/A No. 6:25-cv-13050-RMG-KFM |
| | ) | |
| Plaintiff; | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Terry Standley, Captain Bryon Bibbs, | ) | |
| Lt. J. Durant, Kevin Borem, Georgia | ) | |
| Egan, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

The plaintiff, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed this action seeking money damages from the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

The plaintiff's complaint was entered on the docket on October 20, 2025 (doc. 1) and his amended complaint was entered on the docket on January 20, 2026 (doc. 21). After the plaintiff failed to comply with multiple proper form orders, the undersigned recommended dismissal of the instant matter pursuant to Rule 41 of the Federal Rules of Civil Procedure on March 23, 2026 (doc. 33). The Honorable Richard M. Gergel, United States District Judge, declined to dismiss this action under Rule 41 by order issued April 21, 2026 (doc. 40). Judge Gergel did find it appropriate to dismiss DHO Williams from this action in the order, but recommitted the remainder of the action to the undersigned (*id.*). Having reviewed the plaintiff's amended complaint, the undersigned is of the opinion that

---

[1] This caption has been updated to reflect the current parties to this action, after issuance of an order by the Honorable Richard M. Gergel, United States District Judge (doc. 40).

the plaintiff's excessive force claim against defendants Capt. Bibbs, Lt. Durant, and Ofc. Egan (with the claim against Ofc. Egan based on bystander liability) is sufficient to survive screening, and service will be recommended as to these defendants on the excessive force claim.  However, the remainder of the plaintiff's amended complaint should be dismissed.

### ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a state prisoner (doc. 21).  The plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and currently located at McCormick Correctional Institution ("McCormick") (*id*. at 1).

The plaintiff alleges violations of his rights based on excessive force and failure to protect on July 21, 2025, at McCormick (*id*. at 5, 6).  The plaintiff contends that Capt. Bibbs and Lt. Durant took him to a disciplinary hearing that day and that Ofc. Egan was supposed to call the witness for the hearing (*id*. at 7).  The plaintiff contends that the defendants say he then grabbed one of the officers in the room, which resulted in him being thrown to the floor by Capt. Bibbs and Lt. Durant (*id*.).  Capt. Bibbs hit the plaintiff with a padlock while he was on the ground and on his side (*id*. at 7–8).  Capt. Bibbs then dropped the lock and the plaintiff tried to grab it, but Lt. Durant picked it up and hit him in the head with it (*id*. at 8).  Capt. Bibbs then choked the plaintiff and kicked him and called for a team to come (*id*.).  The plaintiff contends that Capt. Bibbs and Lt. Durant were trying to assault him where there were no cameras (*id*. at 8–9).  He contends that DHO Williams and Ofc. Egan were bystanders who saw the assault and did not tell Capt. Bibbs and Lt. Durant to stop (*id*. at 9).

The plaintiff contends that he was not resisting during the incident and was not charged for refusing to follow commands as a result of this incident (*id*. at 9–10).  The plaintiff contends that Warden Standley and Maj. Borem failed to protect him from the assault because they are supervisors over Lt. Durant and Capt. Bibbs at McCormick (*id*. at

2

10).  The plaintiff contends that after the incident, two nurses provided him with medical care (*id*. at 11).  The plaintiff alleges injuries from the incident to his head, neck, and side (*id*. at 13).  For relief, the plaintiff seeks money damages (*id*. at 12, 13).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. Additionally, as indicated, the plaintiff's excessive force claim against defendants Capt. Bibbs, Lt. Durant, and Ofc. Egan is sufficient to survive screening, and service will be recommended as to these defendants on the excessive force claim. The remaining matters in the plaintiff's amended complaint, however, should be dismissed.

**Failure to Protect Claim**

The plaintiff's amended complaint alleges a failure to protect claim against defendants Warden Standley and Maj. Borem because they did not prevent the excessive force incident (doc. 21 at 10). To plausibly state a failure to protect claim under the Eighth Amendment, a plaintiff must allege sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Here, the plaintiff's amended complaint contains no allegations that Warden Standley or Maj. Borem were aware that other SCDC employees posed a threat to the plaintiff nor that they ignored such a threat to the plaintiff. Indeed, although the plaintiff's allegations must be liberally construed, the plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*,

514 U.S. 1022 (1995); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement"). Moreover, as recently reiterated by the Fourth Circuit, general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim. *See Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026) (noting that "[l]umping defendants together won't do" and a plaintiff who makes collective allegations against defendants "without specifying how each individual interacted with [or] bore responsibility for the alleged constitutional deprivation – has not stated a plausible claim against any defendant."); *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. Mar. 2, 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff).

Further, the plaintiff may not seek a supervisory liability claim against Warden Standley or Maj. Borem because the doctrines of vicarious liability and *respondeat superior* are generally not applicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability" (emphasis in original)). Indeed, to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Here, as noted above, the plaintiff's amended complaint contains no allegations that these defendants were on notice that other

5

SCDC employees were going to harm the plaintiff during the incident in question or that they were otherwise on notice (prior to the incident in question) that these defendants posed a risk to the plaintiff (doc. 21 at 10). As such, the plaintiff's amended complaint fails to state a claim against Warden Standley or Maj. Borem and they should be dismissed from this action. *See Ford v. Stirling*, C/A No. 2:17-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017); *London v. Maier*, C/A No. 0:10-00434-RBH, 2010 WL 1428832, at *2 (D.S.C. Apr. 7, 2010).

<u>**RECOMMENDATION**</u>

As noted above, this case will go forward with respect to the plaintiff's excessive force claim against defendants Capt. Bibbs, Lt. Durant, and Ofc. Egan. However, with respect to the plaintiff's remaining claims, the undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the amended complaint. Therefore, the undersigned recommends that the district judge dismiss the remaining claims with prejudice (other than the excessive force claim against defendants Capt. Bibbs, Lt. Durant, and Ofc. Egan ), without leave for further amendment, and without issuance and service of process. *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

May 29, 2026
Greenville, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).