**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Lamont Cutner, | Case No. 6:25-cv-13050-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Terry Standley, Capton Bryon Bibbs, Lt. J. Durant, Keven Borem, Georgia Egan | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 49), recommending that summary dismissal be granted to Defendants Standley and Borem and service of process be allowed for Defendants Bibbs and Durant only on the excessive force claim and Defendant Egan only on a bystander claim. The Magistrate Judge recommends all other claims be summarily dismissed.

The Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to timely submit written objections would result in limited clear error review and waiver of the right to appeal the district court's decision to the court of appeals. (*Id*. at 7). Plaintiff filed no objections to the R & R.

## I.    Background

Plaintiff, a state prisoner proceeding *pro se*, alleged in his amended complaint (Dkt. No. 21) that he was assaulted on July 21, 2025 at a disciplinary hearing at McCormick Correctional Institution by Defendants Bibbs and Durant. He alleges Defendants Bibbs and Durant used excessive force against him. He further alleges that Defendant Egan observed the alleged assault

1

and failed to tell the officers to stop.   Plaintiff also alleges claims against Defendants Standley and Borem for failure to protect.

The Magistrate Judge found that there were sufficient allegations to survive screening regarding the excess force claims against Defendants Bibbs and Durant and a bystander claim against Defendant Egan. (Dkt. No. 49 at 4).  The Magistrate Judge recommended that the failure to protect claims against Defendant Standley and Borem be summarily dismissed because they were essentially alleged vicarious liability, which is not sufficient to impose § 1983 liability. (*Id*. at 4-6).  The Magistrate Judge further recommended that all other claims be summarily dismissed. (*Id*. at 4).

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

2

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that the excess force claims against Defendants Bibbs and Durant and bystander claim against Defendant Egan were sufficiently pled to survive initial screening.  The Magistrate Judge further correctly concluded that all claims against Defendants Standley and Borem and all other claims were subject to summary dismissal.

## IV.    Conclusion

For the foregoing reasons, the R&R (Dkt. No. 49) is **ADOPTED** as the Order of the Court. Process can be served on Defendants Bibbs and Durant only on the excess force claim and against Defendant Egan only on the bystander claim.  All claims against Defendants Standley and Borem and all other claims are **SUMMARILY DISMISSED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 22, 2026
Charleston, South Carolina