**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

Lamont Cutner,

          Plaintiff,

     v.

Terry Standley, Captain Bryon Bibbs, Lt. J.
Durant, Keven Borem, Georgia Egan,

          Defendants.

Case No. 6:25-cv-13050-RMG

**AMENDED ORDER**

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 49), recommending that summary dismissal be granted to Defendants Standley and Borem and service of process be allowed for Defendants Bibbs and Durant only on the excessive force claim and Defendant Egan only on a bystander claim. The Magistrate Judge recommends that all other claims be summarily dismissed.

The Plaintiff was advised that he had 14 days (plus three additional days for mailing) to file written objections to the R & R, and a failure to timely submit written objections would result in limited clear error review and waiver of the right to appeal the district court's decision to the court of appeals. (*Id*. at 7). Plaintiff's response date (with three additional days for mailing) was June 15, 2026. Plaintiff filed no timely objections to the R & R, and the Court entered an order on June 22, 2026, adopting the R & R of the Magistrate Judge as the Order of the Court. (Dkt. No. 52).

Plaintiff submitted objections to the R & R with a postmark date of June 18, 2026, and which were filed with the Court on June 22, 2026. In light of the known challenges prisoners

1

experience in the receipt and delivery of mail, the Court has elected to vacate its prior Order (Dkt. No. 52) and to issue this Amended Order.

## I.    Background

Plaintiff, a state prisoner proceeding *pro se*, alleged in his amended complaint (Dkt. No. 21) that he was assaulted on July 21, 2025, at a disciplinary hearing at McCormick Correctional Institution by Defendants Bibbs and Durant. He alleges Defendants Bibbs and Durant used excessive force against him. He further alleges that Defendant Egan observed the alleged assault and failed to tell the officers to stop.

Plaintiff asserted "failure to protect" claims against Warden Standley and Major Borem. The Magistrate Judge issued three Proper Form Orders to Plaintiff, and Plaintiff submitted an original complaint, an amended complaint and a Memorandum of Law referencing the claims against Standley and Borem. In all of these submissions, Plaintiff simply alleged boiler plate language that Defendants Standley and Borem "failed to protect" him from the alleged assault at a disciplinary hearing on July 21, 2025. (Dkt. Nos. 1 at 7-8; 18 at 1-2; 21 at 10-11). There is no allegation that Standley or Borem were present where the alleged assault occurred.

The Magistrate Judge found that there were sufficient allegations to survive screening regarding the excess force claims against Defendants Bibbs and Durant and a bystander claim against Defendant Egan. (Dkt. No. 49 at 4). The Magistrate Judge recommended that the failure to protect claims against Defendant Standley and Borem be summarily dismissed, however, because they were essentially vicarious liability claims, which are not sufficient to impose § 1983 liability. (*Id*. at 4-6). As the Magistrate Judge noted, a plausible supervisory liability claim requires a showing that (1) the supervisor had actual or constructive knowledge that his subordinates engaged in conduct posing a pervasive and unreasonable risk of constitutional injury; (2) the

supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) an affirmative causal link between the inaction of the supervisor and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 Fed. Appx. 78, 80 (4th Cir. 2013). The Magistrate Judge further recommended that no further amendments be allowed because "the undersigned is of the opinion that the plaintiff cannot cure the defects identified" in the amended complaint. (Dkt. No. 49 at 6). The Magistrate Judge further recommended that all other claims be summarily dismissed. (*Id*. at 4).

## II.  Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court

3

can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

After a careful review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that the excess force claims against Defendants Bibbs and Durant and bystander claim against Defendant Egan were sufficiently pled to survive initial screening.  The Magistrate Judge further correctly concluded that all claims against Defendants Standley and Borem and all other claims were subject to summary dismissal.  After three submissions on the supervisor liability claim, the Court concurs with the Magistrate Judge that no further amendments would likely cure the defects in the claims against Warden Standley and Major Borem.

## IV.    Conclusion

For the foregoing reasons, the R & R (Dkt. No. 49) is **ADOPTED** as the Order of the Court.  Process can be served on Defendants Bibbs and Durant only on the excess force claim and against Defendant Egan only on the bystander claim.  All claims against Defendants Standley and Borem and all other claims are **SUMMARILY DISMISSED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 23, 2026
Charleston, South Carolina

4